# Third District Court of Appeal

## State of Florida

Opinion filed August 13, 2014.

_____

Nos. 3D13-773 and 13-55
Lower Tribunal No. 07-46943

_____

**Hillstone Restaurant Group, Inc.,**
Appellant,

vs.

**P.F. Chang's China Bistro, Inc.,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Hinshaw & Culbertson and James H. Wyman, for appellant.

McIntosh, Sawran & Cartaya and Michael J. Lynott and Kimberly J. Kanoff, for appellee.

Before WELLS, SUAREZ, and EMAS, JJ.

ON MOTION FOR REHEARING AND CLARIFICATION

SUAREZ, J.

We grant Appellee P.F. Chang's China Bistro, Inc.'s Motion for Clarification, withdraw our former opinion of May 21, 2014, and substitute the following in its place. We deny rehearing or clarification in all other respects.

Hillstone Restaurant Group, Inc. f/k/a Houston's Restaurant, Inc. ("Houston's"), the landlord, appeals a summary judgment entered in favor of P. F. Chang's China Bistro Inc. ("P.F. Chang's"), the tenant, holding that Houston's had a contractual duty to defend and indemnify P.F. Chang's for damages resulting from a lawsuit against both parties that arose out of a trip-and-fall on property leased to P.F. Chang's. Based on the facts of the trip-and-fall and the terms of the parties' lease, we find that Houston's did not have a contractual duty to defend or indemnify P. F. Chang's and, therefore, reverse the summary judgment and the attorney's fee award and remand with instructions.

In 2007, Sabena Beriy and Aron Beriy, her husband, (the "Beriys") brought suit against both P.F. Chang's and Houston's alleging that she fell on a "protruding curb and/or unlevel and dangerous surface in the ingress/egress" of P.F. Chang's. The Beriys alleged negligence in the "care, design, maintenance, repair, management, cleaning and/or operation" of the site. P.F. Chang's and Houston's filed cross-claims against each other for indemnity based on the parties' lease.[1]

The trial court granted summary judgment for P.F. Chang's, specifically finding that "the subject curb where Ms. Beriy fell was located in the Common Area in the Development. It was not located on P.F. Chang's Premises." The trial court then found that Houston's breached its contractual duty to defend and indemnify and that P.F. Chang's was entitled to recover its attorneys' fees and

[1] Following mediation between all parties, P.F. Chang's settled the claims against both P.F. Chang's and Houston's. Houston's declined to participate in the settlement.

2

costs. The trial court entered final judgment and reserved jurisdiction to determine the amount of attorney's fees. It later entered a separate final judgment for attorney's fees and costs incurred by P.F. Chang's in defending the underlying suit and litigating the cross-claims. The two judgments are consolidated for the purposes of this appeal.

In granting P.F. Chang's motion, the trial court appears to have confused the word, "Premises," as defined under the lease, with the word "premises" as defined in a dictionary. The lease between the parties states:

> Landlord does hereby demise and lease to Tenant and Tenant does hereby take and hire from Landlord . . . that certain tract of land described on Exhibit 'A' . . . (the 'Site'), together with all improvements . . . to be constructed by Landlord on the Site (the 'Site Improvements') and all appurtenances thereunto belonging (said Site, Site Improvements and appurtenances hereinafter collectively referred to as 'Premises').

Under that definition, the leased "Premises" incorporates the "Site" and the "Site Improvements" which are defined in the lease. Additionally, Exhibit "A" to the lease, entitled "Legal Description of the Premises," identifies and defines a tract of land referred to as "Parcel 'C'." Therefore, under the lease, the "Premises" is both the "Site" and "Parcel C," together with all Site Improvements and appurtenances thereto.[2]

---

[2] Exhibit "A" to the lease also identifies "Parcel C" as "a portion of Tract 'A'" and includes a map which shows "Parcel C" in relation to "Tract A," and shows the square footage and acreage of "Parcel C." Exhibit "A-1" entitled "Site Plan of Development, Dedicated Area and Tenant's Monument Sign" contains drawing showing the "Dedicated Area," which parallels the map of "Parcel C."

3

There is no dispute that Parcel "C" was the "Premises" leased to P.F. Chang's. There is also no dispute that the trip-and-fall occurred in Parcel "C." Thus, determination of the claims in this matter requires an analysis of which entity, if any, is required to indemnify the other for claims relating to a trip-and-fall in Parcel C.

The Indemnification portion of the lease contains two indemnification paragraphs. One is titled Indemnification by Landlord and the other is entitled Indemnification by Tenant. Paragraph 11.2, "Indemnification by Landlord," states:

> Landlord covenants and agrees to pay, defend, indemnify and save harmless Tenant from and against any and all liability, loss, damage, cost, expense (including without limitation all attorneys' fees and expenses of Tenant), causes of action, suits, claims, demands or judgments of any nature whatsoever based upon, arising from or connected in any manner with (a) injury to or death of any person . . . occurring in or on any part of the Development <u>other than the Premises</u>, (b) the use, non-use, condition, possession, construction, operation, maintenance, management or occupation of any part of the Development <u>other than the Premises</u>…. (emphasis added).

That paragraph requires Houston's to indemnify and hold P.F. Chang's harmless for any injury or construction defect which occurs on the "Development" but not if it occurs on the "Premises" as defined in the Lease. As the trip-and-fall occurred on Parcel C, which is coextensive with the "Premises," Houston's is not contractually

obligated to indemnify or pay any attorneys' fees incurred by P.F. Chang's in the personal injury action brought by the Beriys.

Conversely, paragraph 11.1, "Indemnification by Tenant," states:

> Tenant covenants and agrees to pay, defend, indemnify and save harmless Landlord from and against any and all liability, loss, damage, cost, expense (including without limitation all attorneys' fees and expenses of Landlord) causes of action, suits, claims, demands or judgments of any nature whatsoever based upon, arising from or connected in any manner with (a) injury to or the death of any person … <u>occurring on the Premises</u> during the Term, (b) the use, non-use, condition, possession, construction, operation, maintenance, management or <u>occupation of the Premises</u> or any part thereof . . ..

Under that paragraph, P.F. Chang's is contractually obligated to indemnify Houston's for any claims arising from an injury occurring on the Premises. Because it is undisputed that the injury occurred on Parcel C, P.F. Chang's is, in fact, obligated to indemnify Houston's for the claim brought by the Beriys.

Consistent with the trial court's ruling, P.F. Chang's also argues that the location of the trip-and-fall was within the "Common Area" as defined by the lease, rather than on its "Premises." Paragraph 18.1 of the lease states that "The 'Common Area' is that area within the Development which is neither occupied by building . . . nor devoted permanently to the exclusive use of a particular tenant . . . ." Because the trip-and-fall was alleged to have occurred at the ingress or egress of P.F. Chang's, there is no merit in P.F. Chang's contention that the area at issue was not "devoted permanently" to the

5

exclusive use of P.F. Chang's. Moreover, Exhibit A-1 to the lease identifies Parcel C as being P.F. Chang's "Dedicated Area." As such, Parcel C appears to have been "devoted permanently" to P.F. Chang's by the terms of the lease.

P.F. Chang's further argues that Houston's was liable to indemnify it because Exhibit B to the lease, entitled "Site Improvements" includes the requirement that Houston's "[d]esign and install all parking lots, driveways and curbs within the entire Development up to the back of the curb adjoining Tenant's building." That argument ignores that the "Premises" leased to P.F. Chang's includes the "Site Improvements."[3] It likewise ignores that paragraph 6.1 of the lease states that "TENANT AGREES THAT TENANT IS LEASING THE PREMISES 'AS IS', AND LANDLORD MAKES NO WARRANTIES, EXPRESS OR IMPLIED, AS TO FITNESS, MERCHANTABILITY, USE OR CONDITION OF THE PREMISES." (capitalization in original). Where the lease defines the leased "Premises" to include the "Site Improvements," it is disingenuous for P.F. Chang's to argue that the curb over which Ms. Beriy allegedly fell was not a part of its Premises under the lease.

As to P.F. Chang's claim for common law indemnity, we find that the trial court erred in determining that Houston's was at fault and that P.F. Chang's was wholly without fault given the terms of the lease and the lack of any factual development that resulted from the settlement.

_____

[3] As quoted above, paragraph 1.1 of the lease states "said Site, Site Improvements and appurtenances hereinafter collectively referred to as 'Premises.'"

6

Accordingly, we reverse the summary judgment and attorney's fees award in favor of P.F. Chang's and remand with instructions for the trial court to enter summary judgment in favor of Houston's.

Reversed and remanded.